IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LESLIE DIMANNA,<br><br>Plaintiff,<br><br>-v-<br><br>LOANDEPOT.COM, LLC, TRANSUNION, LLC, EQUIFAX INFORMATION SERVICES, LLC, and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendants. | Civil Case Number:<br><br>CIVIL ACTION<br><br>COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL |

## INTRODUCTION

1. Plaintiff, Leslie DiManna, brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA") alleging Loan Depot has been negligently, recklessly and knowingly reporting false information regarding the Plaintiff to the national credit reporting agencies.

2. Plaintiff further alleges that the three major consumer reporting agencies, Experian Information Solutions, Inc. (Experian), TransUnion, LLC (TransUnion) and Equifax Information Services, LLC (Equifax) have negligently and recklessly disseminated false information regarding the Plaintiff's credit.

3. Plaintiff further alleges TransUnion, Equifax and Experian failed to follow reasonable procedures to ensure maximum accuracy of credit reports they prepared concerning Plaintiff, and failed to investigate credit report inaccuracies in response to Plaintiff's disputes.

4. Plaintiff seeks statutory, actual, and punitive damages, along with injunctive and

declaratory relief, and attorneys' fees and costs.

## JURISDICTION

5. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. All defendants regularly conduct business within the state of Rhode Island, and violated Plaintiff's rights under the FCRA in the state of Rhode Island as alleged more fully below.

6. Venue is proper this district under 28 U.S.C. 1391(b) because Plaintiff resides in this district, Defendants conducts business in this district, and communications giving rise to this action occurred in this district.

## PARTIES

7. Plaintiff, Leslie DiManna ("Plaintiff"), is a resident of Smithfield, Rhode Island and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

8. Defendant Experian Information Solutions, Inc. is one of the largest credit reporting agencies in the United States, and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

9. Experian Information Solutions, Inc. is a corporation incorporated in the State of Florida, with its principal place of business located in Costa Mesa, California.

10. Defendant Equifax Information Services, LLC is one of the largest credit reporting agencies in the United States, and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Equifax is a

"consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

11. Equifax's principal place of business is 1550 Peach Tree Street, N.W., Atlanta, GA 30309.

12. Defendant TransUnion, LLC is one of the largest credit reporting agencies in the United States, and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

13. TransUnion, LLC is a limited liability company with its principal place of business located at 555 West Adams Street, Chicago, IL 60661.

14. Defendant LoanDepot.Com, LLC is a mortgage lender and servicer, with its principal office located at 26642 Towne Centre Drive, Foothill Ranch, CA 92610.

**FACTUAL ALLEGATIONS**

15. The Plaintiff had an account with Loan Depot, and made all of her payments to Loan Depot on time.

16. Nonetheless, Loan Depot reported, inconsistently, to the credit bureaus that the Plaintiff was late in 2021 while making payments owed to Loan Depot.

17. For example, Loan Depot reported to Experian that the Plaintiff was on time in May of 2021 and 30 days late in June 2021, while telling Equifax the exact opposite – that Plaintiff

was late in May 2021 and on time in June 2021.

18. In either case, Loan Depot's reporting was incorrect, because Plaintiff made all of her 2021 payments on time.

19. Instead, after receiving the Plaintiff's payments, Loan Depot inexplicably returned the Plaintiff's April 2021 payment, and then reported her as having been late in making that payment.

20. Clearly it is incomplete and misleading, and therefore inaccurate, to report the Plaintiff as having been late on these payments when she made her payments on time and the payment was instead returned by Load Depot.

21. Plaintiff disputed this erroneous reporting with Experian, TransUnion and Equifax on a number of instances, including on or about June 21, 2022, to no avail.

22. For example, on June 21, 2022, the Plaintiff wrote to the Defendants:

> I am writing to dispute an inaccuracy on my credit report. Specifically, I am writing about Loan Depot, Account Number 300015XXXXXXX (the remaining digits are redacted on the credit report in my possession). You are reporting this account as having a late payment in May of 2021. This is inaccurate. I did not make a late payment on this account and have never been late on this account. This is a problem with Loan Depot, who got my payment and then returned it for some reason. Specifically, I made my April payment on time, on April 1, 2021. I also made my May payment on time, on May 7, 2021. For some reason that Loan Depot has been unable to explain to me, they later returned my April payment and then reported me as late on my payment..

23. Within 30 days of receipt of Plaintiff's disputes, the Defendants were required to investigate the disputed information and provide the Plaintiff with the results of their investigation.

24. Defendant Equifax received the Plaintiff's dispute letter on or about June 26, 2022, and did not adequately investigate the dispute as required by law.

25. Defendant TransUnion received the Plaintiff's dispute letter on or about June 27, 2022, and did not adequately investigate the dispute as required by law.

26. Defendant Experian received the Plaintiff's dispute letter on or about June 28, 2022 and did not adequately investigate the dispute as required by law.

27. Instead, Equifax, Experian and Transunion each responded to the Plaintiff claiming to have 'verified' that the Plaintiff was late on this account.

28. Upon information and belief, Defendants Transunion, Equifax and Experian all relayed Plaintiff's disputes to Defendant Loan Depot.

29. To this day, Defendants continue to report that the Plaintiff was late on her 2021 payments to Loan Depot.

30. At all times pertinent hereto, Experian, TransUnion and Equifax's conduct was willful, and carried out in reckless disregard for a consumer's rights as set forth under section 1681s and 1681i of the FCRA.

31. At all times pertinent hereto, Loan Depot's conduct was similarly willful, and carried out in reckless disregard for a consumer's rights as set forth under section 1681s and 1681i of the FCRA.

32. As a direct and proximate result of the Defendants' willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed in her daily life. For example, Plaintiff's credit score dropped because of this reporting, and the Plaintiff has been unable to obtain credit on favorable terms as a result. Plaintiff further suffered emotional distress along with frustration and annoyance because of the Defendants' actions.

## COUNT I
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681i
## AGAINST EXPERIAN

33. All preceding paragraphs are realleged.

34. At all times pertinent hereto, Experian was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

35. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

36. On a number of occasions within the past two years, including in June 2022, Plaintiff initiated a dispute with Experian requesting that they correct these specific items in her credit file that is patently inaccurate and damaging to her.

37. Experian received these disputes.

38. Experian, having either conducting no investigation or failing to conduct a reasonable investigation, verified the inaccurate item on Plaintiff's credit file, something that any basic investigation would have prevented.

39. As a direct and proximate result of Experian's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

## COUNT II
## FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
## 15 U.S.C. § 1681e(b)
## AGAINST EXPERIAN

40. All preceding paragraphs are realleged.

41. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

42. Were Experian to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed the inaccurate Loan Depot information being reported on the Plaintiff's credit report, especially where a basic investigation of the Plaintiff's dispute would have corroborated Plaintiff's disputes.

43. As a direct and proximate result of Experian's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as explained above.

### COUNT III
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i
### AGAINST EQUIFAX

44. All preceding paragraphs are realleged.

45. At all times pertinent hereto, Equifax was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

46. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

47. On a number of occasions within the past two years, including in June 2022, Plaintiff initiated a dispute with Equifax requesting that they correct these specific items in her credit file that is patently inaccurate and damaging to her.

48. Equifax received these disputes.

49. Equifax, having either conducting no investigation or failing to conduct a reasonable investigation, verified the inaccurate items on her credit file, something that any basic investigation would have prevented.

50. As a direct and proximate result of Equifax's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

**COUNT IV**
**FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY**
**15 U.S.C. § 1681e(b)**
**AGAINST EQUIFAX**

51. All preceding paragraphs are realleged.

52. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

53. Were Equifax to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed the inaccurate Loan Depot information being reported on the Plaintiff's credit report, especially where a basic investigation of the Plaintiff's dispute would have corroborated Plaintiff's disputes.

54. As a direct and proximate result of Equifax's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as explained above.

**COUNT V**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681i**
**AGAINST TRANSUNION**

55. All preceding paragraphs are realleged.

56. At all times pertinent hereto, TransUnion was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

57. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

58. On a number of occasions within the past two years, including in June 2022, Plaintiff initiated a dispute with Transunion requesting that they correct these specific items in her credit file that is patently inaccurate and damaging to her.

59. TransUnion received these disputes.

60. TransUnion, having either conducting no investigation or failing to conduct a reasonable investigation, verified the inaccurate items on his credit file, something that any basic investigation would have prevented.

61. As a direct and proximate result of TransUnion's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

**COUNT VI**
**FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY**
**15 U.S.C. § 1681e(b)**
**AGAINST TRANSUNION**

62. All preceding paragraphs are realleged.

63. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

64. Were TransUnion to follow procedures to assure maximum possible accuracy of the credit

report it prepares concerning Plaintiff, it would have removed the inaccurate Loan Depot information being reported on the Plaintiff's credit report, especially where a basic investigation of the Plaintiff's dispute would have corroborated Plaintiff's disputes.

65. As a direct and proximate result of TransUnion's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as explained above.

**COUNT VII**

**FAILURE TO INVESTIGATE DISPUTE**
**FCRA, 15 USC § 1681s-2(b)**
**AGAINST LOAN DEPOT**

66. All preceding paragraphs are re-alleged.

67. Furnishers of credit information have a duty under the FCRA to investigate disputes from consumers as to the accuracy of information being reported.

68. On a number of occasions within the past two years, including in June 2022, Plaintiff initiated disputes with the credit bureaus disputing the accuracy of the account being reported by Loan Depot.

69. Upon information and belief, Loan Depot received notice of these disputes from the credit bureaus.

70. Loan Depot was obligated, pursuant to section 1681s-2(b) of the FCRA to conduct a complete and thorough investigation with respect to Plaintiff's dispute.

71. Loan Depot failed to reasonably investigate Plaintiff's dispute. Indeed, Loan Depot could easily have checked its records and would have seen that the Plaintiff had made her payments on time and that it was therefore incomplete and misleading to report the Plaintiff as late on her payments.

72. Even after the Plaintiff properly disputed this account with the credit reporting agencies,

    Loan Depot refused to conduct a reasonable investigation and continued inaccurately reporting that the Plaintiff was late in paying on her account.

73. Indeed, Loan Depot's on-going failures to correct Plaintiff's account information is evidence that its investigation into Plaintiff's dispute was deficient.

74. Loan Depot's conduct violated section 1681s-2(b) of the FCRA.

75. As a result of Loan Depot's conduct, Plaintiff was harmed, as discussed above.

## DEMAND FOR TRIAL BY JURY

76. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demand judgment against Defendants as follows:

A. Awarding Plaintiff actual damages;

B. Awarding Plaintiff statutory damages;

C. Awarding Plaintiff punitive damages;

D. Awarding Plaintiff the costs of this action and reasonable attorneys' fees and expenses;

E. Awarding pre-judgment interest and post-judgment interest;

F. A declaration that the Defendants' conduct alleged herein is unlawful, as set forth more fully above;

G. Equitable relief, enjoining the Defendants from engaging in the unjust and unlawful conduct alleged herein; and

H. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: November 1, 2022

*/s/ Elizabeth W. Shealy*
Elizabeth W. Shealy, Esq. #6910
86 Preston Drive
Cranston, RI 02910
(401) 556-0324
ewshealy@gmail.com

Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
*Attorney for Plaintiff*
**Pro Hac Vice Motion To Be Filed**
